[Civil No. 1084.   Filed March 20, 1909.]

[100 Pac. 452.]

THE BANK OF BISBEE, a Corporation, Defendant and Appellant, v. FRANK J. GRAF, Plaintiff and Appellee.

1. BROKERS—BREACH OF CONTRACT BY PRINCIPAL—MEASURE OF DAM-AGES.—On a customer's refusal to deliver stock to a broker which the customer had ordered the broker to sell, it is the right and duty of the broker within a reasonable time to purchase the stock in the market; and the measure of his damages against his customer is the increased price which the broker is compelled to pay.

2. APPEAL AND ERROR—FINDINGS—CONFLICTING EVIDENCE—REVIEW.— The trial court's finding on conflicting evidence will not be reviewed on appeal.

3. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—It was not error to re-fuse a new trial for newly discovered evidence where the witness filed a counter-affidavit in which he denied the statements in the affidavits of the moving party.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge.   Affirmed.

The facts are stated in the opinion.

F. W. Goodbody, and J. E. Morrison, for the Appellant.

Neale & Sutter, for Appellee.

CAMPBELL, J.—Appellee is a stockbroker, at Bisbee, Arizona.   On June 11, 1906, appellant ordered him to sell for its account thirty shares of the capital stock of the Denn-Arizona Development Company at $30 per share, the order to stand until countermanded.   On December 13, 1906, the stock was sold as ordered, and appellant notified of the sale.   It appears that the stock ordered sold belonged to a customer of the bank, and that between the time the order of sale was given and the sale made the customer had withdrawn the stock from the bank, which had failed to notify the broker. Appellant refused to deliver the stock or other equivalent shares, and on February 2, 1907, appellee purchased thirty

shares in the open market, to cover the sale, at the market price of $95 per share. This action was brought to recover from appellant the difference between the $30 per share, at which the shares of stock were sold, and $95 per share, at which the purchase to cover the sale was made on February 2, 1907. From a judgment in favor of the plaintiff, the defendant has appealed.

Counsel for the parties are agreed that the law is that, upon the refusal or failure of the customer upon demand to deliver to the broker stock which the customer has ordered the broker to sell, it is the right and duty of the broker within a reasonable time to go into the market and purchase the stock, and the measure of damages for the failure or refusal of a customer to deliver is the increased price which the broker is compelled to pay, and the only question presented in this connection is at what date the appellant notified the appellee that it would not deliver the stock. Upon the one hand, appellant's cashier testifies that on December 18, 1906, he notified the appellee that the bank was unable to deliver the stock and would not do so, while the appellee testified that appellant's cashier notified him that he could not deliver the stock at that time, but would see the bank's client who had ordered the bank to cause the stock to be sold, and that not until February 1, 1907, did the bank notify him that it would not deliver the stock. There is a substantial conflict of testimony between the parties upon the point, and under such circumstances we will not undertake to weigh the testimony and decide upon its preponderance. The trial court found in favor of the appellee, and we will not disturb its finding.

The appellant assigns as error the refusal of the court to grant a new trial on the ground of newly discovered evidence. The substance of the affidavit filed in support of the motion is that on the same day upon which appellee sold the thirty shares of stock he resold them for the purchaser for the sum of $38 per share, securing and delivering other stock to cover the sale, at not to exceed the sum of $38 per share, and that the purchaser would so testify. We do not find it necessary to examine the question of the materiality of such testimony, for the reason that there was a counter-affidavit by the purchaser denying the statements contained in the affidavit submitted on behalf of the appellant; and, if it were conceded

that such testimony would be material, we do not perceive that the court abused its discretion in refusing the new trial. The judgment of the district court is affirmed.

KENT, C. J., and SLOAN and NAVE, JJ., concur.